U.S. Department of Justice

Kenneth L. Wainstein
United States Attorney

*District of Columbia*

**FILED**
OCT 24 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

September 5, 2006

Mr. Scott Lythgoe, Esq.
Coggins Larreau & Lythgoe
289 24th Street – Suite 150
Ogden, Utah 84401

      Re: <u>United States v. Gayden C. Woodson, Jr.</u>
            CR 06-275

Dear Mr. Lythgoe:

    This letter sets forth the terms of the plea agreement that this Office (referred to herein collectively as "the government") is willing to enter into with your client, Gayden C. Woodson. If Mr. Woodson accepts the terms and conditions of this offer, please have him initial each page of both originals of this letter and sign at the end, and please do the same yourself, and then return both originals to us. Upon our receipt of the executed document, it will become the plea agreement. The terms of the agreement are as follows:

    1. **Charges.** Mr. Woodson agrees to waive indictment and consent to proceeding in the District of Columbia, and to enter a plea of guilty to a one-count criminal Information, a copy of which is attached, charging him with Conspiracy to Commit Theft of Government Property, in violation of 18 U.S.C. § 371.

    2. **Statutory Penalties, Assessments, and Restitution.** Mr. Woodson understands that the charge to which he is pleading guilty carries a maximum potential penalty of 5 years of imprisonment, a fine of either $250,000 or twice the pecuniary gain or loss, a $100 special assessment, and 3 years of supervised release, pursuant to 18 U.S.C. §§ 371, 3571(b)(3) and (d), 3013(a)(2)(A), and 3583(b)(2).

    3. **Release/Detention Pending Sentencing.** In consideration for his agreement to the terms of this plea agreement, and for his continued cooperation with the government, the government agrees to not oppose a request by Mr. Woodson that he remain free, on appropriate bond conditions, pending sentencing.

                                                           _____ GCW
                                                           _____ SL

-2-

4. **Waiver of Constitutional and Statutory Rights.** Mr. Woodson understands that by pleading guilty in this case he agrees to waive certain rights afforded by the Constitution of the United States and/or by statute, including the right to be indicted by a grand jury; the right to plead not guilty, and the right to a trial by a jury or a judge. At a trial, Mr. Woodson would have the right to be represented by counsel, to confront and cross-examine witnesses against him, to compel witnesses to appear to testify and present other evidence on his behalf, and to choose whether to testify. If Mr. Woodson chose not to testify at a jury trial, he would have the right to have the jury instructed that his failure to testify could not be held against him. He would further have the right to have the jury instructed that he is presumed innocent until proven guilty, and that the burden is on the United States to prove his guilt beyond a reasonable doubt. If Mr. Woodson were found guilty after a trial, he would have the right to appeal the conviction.

Mr. Woodson understands that the Fifth Amendment to the Constitution of the United States protects him from the use of self-incriminating statements in a criminal prosecution. By entering these pleas of guilty, Mr. Woodson knowingly and voluntarily waives or gives up this right against self-incrimination.

Mr. Woodson also understands that, as part of the entry of this guilty plea, he specifically waives any rights that to a speedy trial or sentence under the Constitution and/or the Speedy Trial Act, 18 U.S.C. §§ 3161 et seq. He acknowledges that sentencing in this case may, with the approval of the Court, be delayed until any cooperation he may be providing to the government has been completed, as determined by the government, so that the Court will have the benefit of all relevant information.

Mr. Woodson further agrees to waive all rights, claims or interest in any witness fee for which he may be eligible pursuant to 28 U.S.C. § 1821 in connection with appearance before any grand jury, at any witness conference(s), or at any court proceeding(s), during his period of cooperation.

5. **Venue.** Mr. Woodson understands that a coconspirator in this matter has been charged and has entered a plea of guilty in the District of Columbia. He also acknowledges that venue exists in the District of Columbia to charge Mr. Woodson in this matter with offenses other than the one to which he is pleading guilty. Finally, Mr. Woodson waives any venue-based objection to the filing in the District of Columbia of the Information to which he is pleading guilty, and consents to his prosecution in this district.

6. **Sentencing.** Mr. Woodson understands that the sentence in this case will be determined by the Court, guided by the factors set forth in 18 U.S.C. § 3553(a) and after consulting with and taking into account the United States Sentencing Commission Guidelines Manual 2000 (U.S.S.G. or Guidelines).

_____ GCW

_____ SL

Mr. Woodson and the government agree that the applicable a sentence within the sentencing range determined under the Guidelines would be a reasonable sentence for Mr. Woodson in this case. Specifically, as applied to this case, Mr. Woodson and the government agree that the Guideline applicable to the offense to which he is pleading guilty U.S.S.G. §2B1.1. The parties agree that under that Guideline the applicable base offense level is 4, increased by 8 levels pursuant to U.S.S.G. §2B1.1(b)(1)(I), and by an additional 2 levels pursuant to U.S.S.G. §§2B1.1(b)(4)(A) (More than Minimal Planning). The parties agree that this is increased by an additional 2 levels pursuant to U.S.S.G. §3B1.3 (Abuse of Position of Trust), resulting in an adjusted offense level of **16**. (The parties note that the adjusted offense level would be the same under the 2001 edition and subsequent editions of the Guidelines, because while the Base Offense Level was increased to 6, the More than Minimal Planning enhancement was deleted.)

The parties agree that, other than a 3-level reduction pursuant to U.S.S.G. §3E1.1(b), as outlined below, no other enhancements or reductions in the Guidelines calculations are applicable to Mr. Woodson, and none will be sought by any party.

If Mr. Woodson continues to clearly demonstrate his acceptance of responsibility for his criminal conduct, continues to assist and cooperate with the government's investigation as set forth below, commits no other criminal acts, and otherwise complies with the terms and conditions of this agreement, then the government will not oppose a 2-level reduction in his offense levels pursuant to U.S.S.G. §3E1.1(a) (Acceptance of Responsibility), and will, in further consideration for his timely notice of his intention to plead guilty, file a motion for an additional 1-level reduction pursuant to U.S.S.G. §3E1.1(b). The resulting total offense level, for sentencing purposes, will be **13**.

Mr. Woodson fully and completely understands that the final determination of his sentence will be made by the sentencing Court, which must consult with and take into account the United States Sentencing Guidelines but which is not bound by those Guidelines. Mr. Woodson understands that the failure of the Court or the United States Probation Office to determine the guideline range in accordance with the above calculations will not void this plea agreement or serve as the basis for withdrawal of the guilty plea entered pursuant to this plea agreement solely because of the harshness of any sentence recommended by the Probation Office or imposed by the Court, and that a motion to withdraw his plea on that basis may be treated by the government as a breach of this plea agreement.

Finally, Mr. Woodson is aware that federal law, specifically 18 U.S.C. § 3742, affords him the right to appeal his sentence. He is aware that the parties' calculation of the sentencing range under the Sentencing Guideline is not a promise of the sentence to be imposed upon him and is not binding on the Court. Knowing this, Mr. Woodson waives the right to appeal his sentence or the manner in which it was determined, except to the extent that the sentencing Court sentences him to a period of imprisonment longer than the applicable statutory

_____ GCW
_____ SL

-4-

maximum. In agreeing to this waiver, your client is aware that his sentence has not yet been determined by the Court. Realizing the uncertainty in estimating what sentence the Court will ultimately impose, Mr. Woodson knowingly and willingly waives his right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the government in this agreement.

7. **Cooperation with the United States.** Mr. Woodson agrees to cooperate fully, completely, and truthfully with all investigators and attorneys of the government, by truthfully providing all information in his possession relating directly or indirectly to all criminal activity and related matters which concern the subject matter of this investigation and of which he has knowledge, or relating to other matters deemed relevant by the government. Such matters include, but are not limited to, the theft of government property and the unlicensed export of controlled goods and services.

Mr. Woodson will cooperate pursuant to this agreement whenever, and in whatever form, the United States Attorney's Offices shall reasonably request. This includes, but is not limited to, submitting to interviews; answering interrogatories; giving sworn written statements; providing documents and any other evidence in your client's possession; giving testimony; giving depositions; taking government-administered polygraph examination(s); and participating in covert law enforcement activities.

Mr. Woodson will testify fully and truthfully before any Grand Jury in the District of Columbia, and elsewhere, and at all trials of cases or other court proceedings in the District of Columbia and elsewhere, at which his testimony may be deemed relevant by the government.

Mr. Woodson will promptly turn over to the government or other law enforcement authorities or direct such law enforcement authorities to any and all evidence of crime; all contraband and proceeds of crime; and all assets traceable to such proceeds of crime. He will in additional submit a full and complete accounting of all his financial assets, whether such assets are in his name or in the name of a third party.

Mr. Woodson agrees not to commit any criminal violation of local, state or federal law during the period of his cooperation with law enforcement authorities pursuant to this agreement or at any time prior to the sentencing in this case. The commission of a criminal offense during the period of his cooperation or at any time prior to sentencing will constitute a breach of this plea agreement and will relieve the government of all of its obligations under this agreement. However, Mr. Woodson acknowledges and agrees that such a breach of this agreement will not entitle him to withdraw your client's plea of guilty.

_____ GCW
_____ SL

-5-

8. **Resignation from Government Service.** Mr. Woodson agrees to resign from his United States government employment prior to being sentenced, and he agrees not to seek future employment with the United States government or any department or agency thereof.

9. **Reservation of Allocution.** Mr. Woodson understands that, even if the government informs the Court of his cooperation, the government reserves its full right of allocution for purposes of sentencing in this matter. The government reserves the right to describe fully, both orally and in writing, to the sentencing judges the nature and seriousness of Mr. Woodson's misconduct, including misconduct not described in the charge to which he is pleading guilty. The government also reserves the right to inform the presentence report writer and the sentencing Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this plea agreement.

Mr. Woodson also understands that the government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. The United States reserves the right to appeal the sentence in this case.

The government agrees, apart from the Guidelines calculations agreed upon and noted above and pursuant to U.S.S.G. §1B1.8, that the government will be free to use against Mr. Woodson for any purpose at sentencing in this case any self-incriminating information he provides pursuant to this agreement.

10. **Agreement Not to Prosecute.** Other than the offense to which Mr. Woodson agrees to plead guilty pursuant to this agreement, the government agrees to not charge him with any other criminal offenses committed before execution of this agreement within the District of Columbia (including within its extraterritorial jurisdiction) relating to his involvement in theft of government property in his capacity as a Defense Reutilization and Marketing Service employee, and related export control law violations. This paragraph does not apply to any "crimes of violence," as that term is defined by 18 U.S.C. § 16, or any offenses which Mr. Woodson failed to disclose to us before entering into this agreement. Mr. Woodson also understands that this plea agreement affects only criminal charges and shall not be construed, in whole or in any part, as a waiver, settlement, or compromise of any civil or administrative remedies available to any agency or department of the United States or any state or local government.

11. **Breach of Plea Agreement.** Mr. Woodson understands and agrees that if he fails specifically to perform or to fulfill completely each and every one of his obligations under this plea agreement, or commits any further crimes, he will have breached this plea agreement. In the event of such a breach, (a) the government will be free from its obligations under the agreement; (b) Mr. Woodson will not have the right to withdraw his guilty pleas; (c) Mr. Woodson will be fully subject to criminal prosecution for any other crimes which he has committed or might

_____ GCW
_____ SL

commit, if any, including perjury and obstruction of justice; and (d) the government will be free to use against Mr. Woodson, directly and indirectly, in any criminal or civil proceeding all statements made by him and any of the information or materials provided by him, including such statements, information and materials provided pursuant to this agreement or during the course of any debriefings conducted in anticipation of, or after entry of this agreement, including his statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Mr. Woodson acknowledges discussing with you Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. He knowingly and voluntarily waives the rights which arise under these rules. As a result of this waiver, Mr. Woodson understands and agrees that any statements made in the course of his guilty plea or in connection with his cooperation pursuant to this plea agreement will be admissible against him for any purpose in any criminal or civil proceeding if he breaches this plea agreement or either of his guilty pleas is subsequently withdrawn. Moreover, in the event Mr. Woodson's guilty plea is withdrawn, he agrees that the government will be free to use against him in any criminal or civil proceeding any statements made during the course of any debriefing conducted in this case, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

Mr. Woodson understands and agrees that the government will only be required to prove a breach of this plea agreement by a preponderance of the evidence. He further understands and agrees that the government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this plea agreement.

Nothing in this agreement shall be construed to permit Mr. Woodson to commit perjury, to make false statements or declarations, to obstruct justice, or to protect himself from prosecution for any crimes not included within this agreement or committed by him after the execution of this agreement. Mr. Woodson understands and agrees that the government reserves the right to prosecute him for any such offenses. He further understands that any perjury, false statements or declarations, or obstruction of justice relating to his obligations under this agreement shall constitute a breach of this agreement. However, in the event of such a breach, he will not be allowed to withdraw these guilty plea.

12. **Prosecution by Other Agencies/Jurisdictions**.  This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury, the United States

_____ GCW

_____ SL

Department of Homeland Security, or any state or local prosecutor. These individuals and agencies remain free to prosecute Mr. Woodson for any offense(s) committed within their respective jurisdictions.

13. **No Other Agreements.** No other agreements, promises, understandings, or representations have been made by the parties other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Mr. Woodson, his counsel, and an Assistant United States Attorney for the District of Columbia, or made by the parties on the record before the Courts.

If Mr. Woodson agrees to the conditions set forth in this letter, both he and you should sign two originals in the spaces provided below, initial every page of this agreement, and return to us the two original executed plea agreements, for filing with the Court.

Sincerely,

Kenneth L. Wainstein / LAI

KENNETH L. WAINSTEIN
United States Attorney

LAURA A. INGERSOLL
Assistant United States Attorney
National Security Section

______ GCW

______ SL

-8-

### Defendant's Acceptance

I have read this plea agreement and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this plea agreement and all matters relating to it. I fully understand this plea agreement and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this plea agreement fully. No agreements, promises, understandings, or representations have been made with, to, or for me other than those set forth above.

9-12-06
Date

Gayden C. Woodson
Defendant

### Attorney's Acknowledgment

I am Mr. Woodson's attorney. I have reviewed every part of this plea agreement with him. It accurately and completely sets forth the entire agreement between defendant and the Office of the United States Attorney for the District of Columbia.

12 Sep 06
Date

Scott Lythgoe
Attorney for Defendant