## HONORABLE JAMES ROBERTSON, UNITED STATES DISTRICT JUDGE

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**FILED**

FEB 0 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Docket No.: **06-CR-275** (JR) |
| | : | |
| vs. | : | SSN: _____ |
| | : | |
| WOODSON, Gayden C. | : | Disclosure Date: **December 28, 2006** |

### RECEIPT AND ACKNOWLEDGMENT OF
### PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

#### For the Government

(CHECK APPROPRIATE BOX)

( ) There are no material/factual inaccuracies therein.

There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____          _1/10/07_____
Prosecuting Attorney                              Date

#### For the Defendant

(CHECK APPROPRIATE BOX)

( ) There are no material/factual inaccuracies therein.

( ) There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_____          _____
**Defendant**          **Date**          **Defense Counsel**          **Date**

### NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material inaccuracies or disputes in writing by **January 11, 2007**, to U.S. Probation Officer **Kathie McGill**, telephone number **(202) 565-1421**, fax number **(202) 273-0242**.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

### FOR THE COURT

**By:**    Gennine A. Hagar, Acting Chief
United States Probation Officer



U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

___

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

January 9, 2007

Ms. Kathie McGill
United States Probation Officer
United States District Court for
  the District of Columbia

      Re:  <u>United States v. Gayden Woodson</u>, Criminal No. 06-275 (JR)

Dear Ms. McGill:

      The government has no objection to the Presentence Investigation Report (PSIR) in this case, and no material factual corrections, except the following:

      The defendant breached the plea agreement in this case by lying to the government when he denied having engaged in any criminal conduct other than that to which he had admitted to law enforcement agents prior to entry of his plea. First, on the afternoon of the day he had entered his guilty plea, the defendant disclosed information that he admitted he had previously falsely withheld from, and denied to, the agents; at this time, he assured the agents that he had fully disclosed all his criminal activity. Then, the next day, the defendant voluntarily underwent a polygraph examination, which indicated he was being deceptive. Only then did the defendant admit that he had, in fact, engaged in additional criminal conduct which he had not previously disclosed. Specifically, post-plea the defendant admitted participating in illegal transactions involving the "off-book" sale to foreign nationals in the Middle East of non-demilitarized U.S. military High-Mobility Multi-Wheeled Vehicles (HMMWVs). The government had evidence that the defendant knew such transactions constituted unlicensed exports of munitions list items in violation of the Arms Export Control Act (AECA), but the defendant had falsely denied he had actually been involved in such HMMWV sales. Those false denials misled the government about the true nature and scope of his criminal activity, and would have the effect of discouraging the government from pursuing investigation into such criminal conduct by him. Only the failed polygraph led him to finally admit this additional offense.

      Despite the defendant's breach of the plea agreement, the government will not move to have his guilty plea vacated, and will not file additional charges against him, because the government anticipates that he will receive an appropriately severe sentence

- 2 -

in this case. The government does concede that his early plea entitles him to the two-level reduction for acceptance of responsibility, but in light of his false statements the government will not move for the third-level reduction contemplated by U.S.S.G. §3E1.1(b).

In addition, the government submits that the defendant's conduct constitutes Obstructing or Impeding the Administration of Justice, within the meaning of U.S.S.G. §3C1.1, and that a two-level upward adjustment is therefore warranted.

Accordingly, the government submits that, the PSIR should reflect that no third-level reduction will be moved for by the government (¶22), that a two-level increase is warranted (¶19) and that the Total Offense Level is 20 rather than 17 (¶23) with a guideline range of 33-41 months (¶49).

Please let me know if you have any questions regarding the government's position on the PSIR.

Sincerely,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

Laura A. Ingersoll
Assistant United States Attorney
National Security Section

cc:  Scott Lythgoe, Esq.
      counsel for the defendant